U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 7 2018

TONY R. MOORE, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:17-CR-00327-007 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| MICHAEL PAUL AUXILIEN | * | MAGISTRATE JUDGE WHITEHURST |

**PLEA AGREEMENT**

A. **INTRODUCTION**

This document contains the complete plea agreement between the Government and MICHAEL PAUL AUXILIEN, the Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

B. **THE DEFENDANT'S OBLIGATIONS**

1. MICHAEL PAUL AUXILIEN shall appear in open court and plead guilty to Count 1 of the First Superseding Indictment pending in this case.

## C. THE GOVERNMENT'S OBLIGATIONS

1. If the Defendant, MICHAEL PAUL AUXILIEN, completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees that the pending Indictment will constitute the Defendant's sole criminal exposure based on the investigation which forms the basis of the Indictment.

2. The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

## D. SENTENCING

MICHAEL PAUL AUXILIEN understands and agrees that:

1. The maximum punishment on Count 1 of the First Superseding Indictment is a term of imprisonment of not more than fifteen (15) years, pursuant to 18 U.S.C. § 3, and a fine of up to $250,000, pursuant to 18 U.S.C. § 3571;

2. He shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

3. He may receive a term of Supervised Release of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2), in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6. Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately, that the Defendant will be held liable for all restitution and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

7. As part of the pre-sentence investigation, the Government will make available to the Court all evidence developed in the investigation of this case;

8. This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the pre-sentence investigation;

9. The sentencing judge alone will decide what sentence to impose; and

10. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

F. **REINSTATEMENT OF ORIGINAL INDICTMENT**

Defendant, MICHAEL PAUL AUXILIEN, understands and agrees that should this plea be overturned for any reason at a later date, the Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

G. **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, MICHAEL PAUL AUXILIEN. It accurately and completely sets forth the entire plea agreement. I concur in MICHAEL PAUL AUXILIEN pleading guilty as set forth in this plea agreement.

Dated: 5/24/18

GERALD J. BLOCK, LA Bar No. 3149
Attorney at Law
Post Office Box 53506
Lafayette, Louisiana 70505
Telephone: (337) 233-9296

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do

this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 5/24/18

MICHAEL PAUL AUXILIEN
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

6-7-18
Date

DOMINIC ROSSETTI, CA Bar ID 287676
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

DAVID L. JAFFE
Acting Chief, Organized Crime and Gang Section
United States Department of Justice

6-7-18
Date

DAVID N. KARPEL, CO Bar ID 17865
Trial Attorney, Organized Crime and Gang Section
1301 New York Ave, NW, Suite 700
Washington, DC 20005
Telephone: (202) 307-5715